In the
# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 23-2830

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JASMINE BRADLEY,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Central District of Illinois.
No. 20-cr-10018-JES-JEH — **James E. Shadid**, *Judge.*

———————————

ARGUED AUGUST 6, 2024 — DECIDED AUGUST 15, 2024

———————————

Before EASTERBROOK, ST. EVE, and KOLAR, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* After an assessment concluded that Jasmine Bradley was incompetent to assist in the defense of pending criminal charges, a district court referred her to the Bureau of Prisons under 18 U.S.C. §4241 so that it could evaluate whether any therapy would restore her competence. She reported to the United States Marshal on January 28, 2022. The Bureau released her on August 24 and six days later filed with the court a report stating that Bradley was then

competent. She pleaded guilty to ten counts of fraud and aggravated identity theft, for which she was sentenced to 198 months' imprisonment. Her conditional guilty plea, see Fed. R. Crim. P. 11(a)(2), reserves a single issue for appellate review: whether the passage of seven months between reporting and release required the district court to dismiss Bradley's indictment with prejudice. Before she entered her plea, the district court held that dismissal is not mandatory. 2022 U.S. Dist. LEXIS 197493 (C.D. Ill. Oct. 31, 2022).

Section 4241(d) is the source of the time limits that apply to Bradley. Here is its text:

> If … the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
>> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>>
>> (2) for an additional reasonable period of time until—
>>
>>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>>
>>> (B) the pending charges against him are disposed of according to law;
>>
>> whichever is earlier.

> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

The parties disagree about many interpretive points. Bradley contends, for example, that the four months allowed by §4241(d)(1) starts on the day that custody begins, while the United States contends that it begins only when the defendant enters a facility for evaluation. (For Bradley, more than five weeks passed between her surrender to the Marshals and her arrival at the Bureau's Carswell facility.) They disagree about when a district court can use §4241(d)(2)(A) to add time. Bradley insists that more time is available under (d)(2)(A) only after the Bureau concludes that a defendant may be restored to competence; the United States contends that this subsection may be used before that stage has been reached.

We need not resolve these disputes today. The subject reserved by the conditional guilty plea is whether dismissal with prejudice is mandatory if the Bureau exceeds the statutory time, as it did for Bradley. (Even if, as *United States v. Alhindi*, 97 F.4th 814, 824 (11th Cir. 2024), holds, the four months starts only when a detainee arrives at a medical facility, the Bureau exceeded that time, and the district court did not exercise whatever power it has under (d)(2)(A).) Courts must enforce statutory remedies for violations of statutory time limits. For example, the Speedy Trial Act prescribes dismissal of the indictment if the trial is delayed beyond the statutory limit. 18 U.S.C. §3162(a)(2). But §4241 does not designate a remedy. It sets a boundary—"a reasonable period of time, not to exceed four months"—but does not say what happens if the Bureau takes longer. Nor does dismissal become

essential through the Speedy Trial Act, as §3161(h)(1)(A) excludes all delay caused by mental-health examinations.

The Supreme Court calls a statutory time limit for action by a governmental body a "time-related directive." See *McIntosh v. United States*, 601 U.S. 330 (2024). When the statute specifies a consequence of missing the deadline, the court must apply the rule. But when the statute does *not* specify a consequence the court has discretion to proceed sensibly. That's the holding of *McIntosh* and the many predecessors it cites and summarizes. The United States Code teems with time limits, but governmental bodies are beset by delay. Even when an agency tries its best (something that cannot be guaranteed in any bureaucracy), it faces resource constraints. Congress caps the size of its staff and the amount it can offer in pay, which may make it hard to hire well-qualified people. The Bureau of Prisons cannot control how many detainees courts will refer under §4241 at any given time or how difficult each situation may be. Exceeding the four-month limit on occasion is inevitable.

We assume that a judge may order a detained person to be released while the Bureau continues to pore over her medical records, but that is not the remedy Bradley seeks. The remedy she *does* want—dismissal of the indictment with prejudice—is a mismatch for delay in restoring a detainee to competence. If the Bureau succeeds in making a detainee competent to stand trial, and a conviction ensues, the accused will receive credit against the sentence for the time in custody, just as other pretrial detention is credited or otherwise taken into account. Dismissing the indictment with prejudice, which gives a guilty person a windfall and injures society's interest in curtailing crime, is unnecessary to make the detainee whole.

The four-month limit is most important for people who are *not* restored to competence. They should be released promptly or referred for commitment proceedings under 18 U.S.C. §§ 4246 and 4248. Dismissing the indictments of persons found competent cannot help those persons who remain unfit for trial. Nor would dismissing Bradley's indictment aid another set of persons affected by §4241—those found competent to be tried and later acquitted. Reducing the length of pretrial detention for such persons is a worthy goal, but it is best achieved by ordering their release on bail if the Bureau takes too long. Dismissing indictments, by contrast, would prevent the criminal-justice system from sorting the guilty from the innocent, a vital step in controlling and punishing illegal activity and achieving relief for victims.

Bradley suggests that dismissal of her indictment may be required by *Jackson v. Indiana*, 406 U.S. 715 (1972), but we do not see why. *Jackson* held that a state "cannot constitutionally commit [a person] for an indefinite period simply on account of his incompetency to stand trial on the charges filed against him." *Id*. at 720. The United States did not do that to Bradley. Detaining someone before trial to learn *whether* she is or can be competent to assist in her own defense is outside the scope of *Jackson* unless the detention is so extended that it becomes unreasonable. *Id*. at 738. See *United States v. Salerno*, 481 U.S. 739 (1987) (pretrial detention generally is permissible).

Bradley constructs a syllogism in which she uses *Jackson* for the major premise that detention to determine competence must not exceed a reasonable time. The minor premise, from §4241(d)(1), is that detention exceeding four months is unreasonable. Conclusion: to violate §4241 is to violate the Constitution. Yet *Jackson* did not hold or even hint that four months

is too long. *Jackson* dealt with indefinite detention (3½ years and counting) of a person known to be incompetent, and it held that such a person must be referred to the normal apparatus for determining whether civil commitment is appropriate. See also *Addington v. Texas*, 441 U.S. 418 (1979).

A violation of §4241, like a violation of any other federal statute or regulation, is just a violation of enacted law, not of society's basic compact. See *United States v. Caceres*, 440 U.S. 741 (1979). Congress is free to direct the bureaucracy to act faster than the Constitution requires on its own; this does not imbue the shorter deadline with constitutional status. Cf. *Virginia v. Moore*, 553 U.S. 164 (2008). When a statute or regulation does not specify a remedy, judges must choose a fitting one. Compulsory dismissal of the indictment with prejudice is not an appropriate remedy for an evaluation under §4241(d)(1) that takes more than four months.

AFFIRMED